## Richmond.

### COMMONWEALTH V. SHECKELS.

November 15th, 1883.

LIQUOR LICENSES—*U. S. special tax stamp.*—Liquor cannot without license obtained in accordance with the laws of this State be lawfully sold therein, either on land or on board of a vessel, although the seller may have obtained from the United States government a special tax stamp therefor, it being expressly provided by § 3243 of the U. S. Revised Statutes that persons holding such stamps shall not be exempt from any penalty imposed by the laws of any State for carrying on the trade within its limits.

Error to judgment of circuit court of Westmoreland county affirming judgment of county court of said county, in a certain prosecution against one George Sheckels for violating the act of assembly, approved March 3d, 1880, regulating the sale of liquor.

Opinion states the case.

*F. S. Blair, Attorney-General,* for the Commonwealth.

No counsel for defendant in error.

LACY, J., delivered the opinion of the court.

In this case the Commonwealth of Virginia complains that she is aggrieved by a judgment of the county court of Westmoreland county, rendered on the 25th day of September, 1882, in a prosecution against the appellee for a violation of the revenue laws of the Commonwealth of

Virginia, regulating the sale of liquor in the Common-
wealth; to which judgment of the county court the circuit
court of said county refused to award a writ of error, on
the 14th day of October, 1882.

The record shows that the appellee did, on the 29th day
April, 1882, sell liquor, to be drunk where sold, on board
the steamer Arrowsmith, in the county of Westmoreland,
within the limits of the Commonwealth of Virginia.
It further appears that the said appellee had not ob-
tained a license authorizing him to make such sale.   It
further appears that the appellee had paid to the United
States government a tax imposed upon the sale of liquor
on said steamer within the District of Columbia.

The appellee was indicted by the grand jury for selling
liquor without a license in the said county of Westmore-
land, and was tried under the facts above stated, and ac-
quitted, and the county court refused to set aside the said
verdict upon the motion of the said appellant.   The circuit
court refused, upon the petition of the appellant, to grant
a writ of error to the said judgment of the county court;
whereupon the appellant applied for a writ of error to this
court, which was awarded.

The law in this State provides that no person shall sell
liquor within the limits of this Commonwealth without
first having obtained a license therefor.

In this case it was proved that the appellee did sell
liquor within the limits of the Commonwealth, as alleged
in the indictment, without a license.

The appellee claimed, however, that by having paid a tax
to the United States for the privilege of selling liquor on the
said steamer, he had acquired the right to sell liquor on
board the said steamer within the limits of the Common-
wealth of Virginia.   By the United States law, a tax is
imposed upon the sale of liquor wherever sold, but it is
expressly provided, section 3243 of the United States

Revised Statutes, that persons paying this tax are not thereby to be exempt from any penalty imposed by the laws of the State for carrying on the trade within the State, or to be authorized to carry on such trade contrary to the laws of such State or in places prohibited by law. In this case the appellee was proved to have violated the laws of this State by selling the liquor, as stated above, without a license. The verdict of not guilty by the jury was contrary to the law and the evidence, and the county court erred in refusing to set aside the same.

And the circuit court erred in refusing to award a writ of error to the said judgment, and the said judgment of the county court must be reversed, and the case remanded to the said county court for a new trial to be had therein, in accordance with the views herein expressed.

JUDGMENT REVERSED.